UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1622** |
| **HINGEL PETROLEUM, LLC ET AL.** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Byron Martin's Motion to Strike Plaintiff's Complaint and Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 3). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

This case arises out of out of a dispute at the Big E-Z Gas Station owned and operated by Defendants Hingel Petroleum, LLC and Kenilworth Fuel Stop, LLC ("the Insureds"). Big E-Z Gas Station is insured by a policy issued by Plaintiff Associated Industries Insurance Company.[1] Defendant Byron Martin was at the Big E-Z Gas Station on August 27, 2021, and allegedly got into a heated argument and altercation with Craig Fletcher, an employee of the Insureds. Defendant Martin asserts that during this argument Fletcher attacked him and he suffered various injuries, including a head contusion and

---

[1] Plaintiff issued an insurance policy to the Insureds bearing Policy No. AES1055190-02. This policy was in effect at all times relevant to the suit. Doc. 1 at 3.

1

laceration, a traumatic brain injury, post-concussive syndrome, spinal injuries at three disc levels, a rotator cuff tear, and impaired mental health.[2]

After the incident, Defendant Martin sent Plaintiff letters detailing his injuries, recounting his medical bills, and outlining his settlement demands ("Settlement Letters").[3] The Settlement Letters discuss approximately $7,000 in medical expenses that Defendant Martin has incurred and request a settlement of $42,500,000.[4] Plaintiff then filed a Complaint for Declaratory Judgment under 28 U.S.C. § 2201 seeking resolution regarding its duties and coverages owed to Defendant Martin under its policy.

Now before the Court is Defendant Byron Martin's Motion to Strike Plaintiff's Complaint and Motion to Dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6). Defendant has moved for dismissal of the action, arguing that Plaintiff cannot use the Settlement Letters to prove the amount in controversy and thus, cannot establish subject matter jurisdiction. Defendant further argues that Plaintiff's claim is unripe and that it cannot plausibly state a claim for relief. Plaintiff opposes.

## LEGAL STANDARD

### I.   12(b)(1)

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[5] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2)

---

[2] Doc. 3-1 at 2–3.
[3] Docs. 3-1, 3-2.
[4] Doc. 3-1 at 4.
[5] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[6] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[7] "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss."[8]

## II. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[9] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[10] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[11] The Court need not, however, accept as true legal conclusions couched as factual allegations.[12] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[13] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[14] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each

---

[6] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[7] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[8] Roman Catholic Diocese of Dallas v. Sebelius, 927 F. Supp. 2d 406, 415 (N.D. Tex. 2013).
[9] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[10] *Id.*
[11] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[12] *Iqbal*, 556 U.S. at 667.
[13] *Id.*
[14] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

element of the plaintiffs' claim.[15] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[16]

## LEGAL ANALYSIS

### I. Motion to Strike Plaintiff's Complaint

At the outset, Defendant Martin moves to strike Plaintiff's Complaint under Federal Rule of Evidence 408, stating that Plaintiff used information from a confidential settlement communication in violation of Rule 408 to prove the amount in controversy and establish subject matter jurisdiction. Rule 408 provides that settlement negotiations are not admissible to prove or disprove the amount of a disputed claim.[17]

Contrary to Plaintiff's position, there are several cases in this circuit and in this district that stand for the proposition that relying upon a pre-petition settlement demand letter is permissible.[18] In *Kimble v. America First Ins. Co.*, the plaintiff made a similar argument that the settlement letters relied upon by the defendant to establish the amount in controversy were inadmissible under Rule 408.[19] The court held that "Plaintiff's argument that the letters are inadmissible under Rule 408 [was] without merit."[20] Other cases have

---

[15] *Lormand*, 565 F.3d at 255–57.
[16] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[17] FED. R. EVID. 408.
[18] *See also* Carver v. Wal-Mart Stores, Inc., No. 08-42, 2008 WL 2050987 (E.D. La. May 13, 2008); Broussard v. Celebration Station Properties, Inc., No. 13-531, 2014 WL 1402144, at *5 (M.D. La. Apr. 10,2014) (denying remand where a detailed and itemized settlement letter with references to supporting documentation demanding $85,000 was found to be "an honest assessment of a reasonable settlement value of the case"); Sutton v. Eldorado Casino Shreveport Joint Venture, No. 21-4419, 2022 WL 1256698, at *3 (W.D. La. Mar. 14, 2022) (stating that in the Fifth Circuit, demand letters are "relevant when the settlement offer reflects an honest assessment of the value of the plaintiff's claims.").
[19] Kimble v. Am. First Ins. Co., No. 14-67, WL 1761556, at *1 (M.D. La. Apr. 28, 2014).
[20] *Id.* at *3.

similarly held that settlement letters may be considered to determine the amount in controversy.[21] The Court, therefore, finds that Plaintiff's reliance upon the Settlement Letters is permissible, and the motion to strike Plaintiff's complaint must be denied.

## II.     12(b)(1)

Next, Defendant Martin argues that this Court does not have subject matter jurisdiction over this matter. Plaintiff invokes the Court's diversity jurisdiction under 28 USC § 1332(a)(1), asserting that the parties are completely diverse and that the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars.[22] Defendant Martin argues that Plaintiff cannot establish that the amount in controversy exceeds the jurisdictional threshold, and thus, Plaintiff's claims against Defendants should be dismissed for lack of subject matter jurisdiction.

Although the majority of caselaw concerning the amount in controversy requirement arises in the context of removal to federal court, the Fifth Circuit has stated that the procedures developed in the removal context are instructive for declaratory judgment actions.[23] As the party invoking federal diversity jurisdiction, Plaintiff bears the burden of establishing the amount in

---

[21] In *Carver v. Wal-Mart Stores, Inc.* the court relied upon a pre-suit settlement letter that detailed the plaintiff's medical treatment with medical bills totaling $9,120.50 and offered to settle the case for $150,000.00 in determining that the amount in controversy was met. *Carver*, 2008 WL 2050987, at *2. Again, in *Creppel v. Fred's Stores of Tennessee, Inc.*, the court found that the pre-petition settlement demand letter requesting an $80,000 settlement was relevant evidence to show that the amount in controversy had been met. No. 13-734, 2013 WL 3490927 (E. D. La. July 10, 2013). In *Fairchild v. State Farm*, the court specifically stated that the settlement letter detailing and cataloging the plaintiff's damages was "valuable evidence to indicate the amount in controversy." 907 F. Supp. 969, 972 (M.D. La. 1995). In *Lilly v. Dollar General Corp.*, the Plaintiff argued that her initial settlement demand letter was "not admissible to prove the amount of a disputed claim" and could not be used to support removal. The court disagreed and considered the letter in denying the plaintiff's motion to remand. No. 17-459, 2017 WL 4836539, at *2 (M.D. La. Sept. 18, 2017).
[22] Doc. 1 at 2.
[23] St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

controversy.[24] The Court must first examine the complaint and determine if, on its face, the claims exceed the jurisdictional amount.[25] If it is not facially apparent, the court may rely upon summary-judgment type evidence to determine the amount in controversy.[26] To justify dismissal under 12(b)(1), "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[27] However, unsupported allegations of jurisdictional facts are insufficient to establish federal jurisdiction.[28]

Here, Plaintiff seeks declaratory relief. The Fifth Circuit has held that when an insurer seeks a declaratory judgment regarding coverage, the amount in controversy is the plaintiff's possible liability under the policy.[29] Here, the parties dispute whether the insurance policy covers Defendant Martin's claims, and as such, the value of the underlying claim is the amount in controversy.

Looking only at the allegations in Plaintiff's petition, it is facially apparent that the damages in this matter will exceed the jurisdictional amount. Specifically, Plaintiff's Complaint lists Martin's injuries as "a head contusion and laceration, traumatic brain injury, post-concussive syndrome, spinal injuries at three disc levels, a rotator cuff tear, and impaired mental health."[30] The Complaint states that based on written correspondence, "Martin's injuries are similar to those warranting damage awards far in excess of $75,000."[31] Plaintiff goes on to assert that even with conservative care, these injuries could warrant an award exceeding $75,000," citing other awards for

---

[24] *See Physicians Hosps. of Am.*, 691 F.3d at 652.
[25] *St. Paul Reinsurance Co.*, 134 F.3d at 1253.
[26] *Id.*
[27] St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).
[28] *St. Paul Reinsurance Co.*, 134 F.3d at 1253.
[29] *Id.*
[30] Doc. 1 at 3.
[31] *Id.*

similar injuries from Louisiana courts that exceeded the jurisdictional amount.[32]

Furthermore, in *Kimble,* the plaintiff made a similar argument in his motion to remand. The plaintiff was in a car wreck and suffered two herniated discs.[33] The plaintiff's lawyer sent various letters stating that the plaintiff's injuries would exhaust the policy limit of $100,000, referenced other cases that had damage awards greater than $100,000, and offered a settlement of $95,000.[34] The court denied the plaintiff's motion to remand, stating that the "plaintiff failed to provide any evidence to contradict these facts or demonstrate that his claim was for less than the last settlement amount he demanded," and that based on the settlement letters sent to the defendant, "the plaintiff believed he was entitled to recover for serious injuries."[35]

Here, Plaintiff similarly relies upon the Settlement Letters in its Complaint, which states that Defendant Martin's injuries warranted damages in excess of the jurisdictional amount.[36] Similar to the plaintiff in *Kimble,* Defendant Martin did not bring any evidence to demonstrate that his claim was for less than the jurisdictional amount. Additionally, at the time Plaintiff filed suit, Defendant Martin clearly believed that his injuries warranted an award in excess of the jurisdictional amount based on his settlement demand.[37] As a result, Defendant Martin has failed to show to a legal certainty that the amount in controversy is less than $75,000, and thus, his motion to dismiss for lack of subject matter jurisdiction must be denied.

---

[32] *Id.*
[33] *Kimble,* 2014 WL 1761556, at *3.
[34] *Id.*
[35] *Id.*
[36] Doc. 1 at ¶ 14 (stating that "Counsel for Martin has advised in written correspondence that Martin's injuries are similar to those warranting damage awards far in excess of $75,000.").
[37] *Id.*

Defendant also seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) arguing that the case does not present a justiciable controversy.[38] Defendant contends that since he has not instituted any actions against Plaintiff's insured that the case is unripe.[39]

This Court disagrees. "As a general rule, an actual controversy exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests."[40] "A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists."[41] It is apparent to the Court that an actual controversy exists. Defendant Martin has sent several Settlement Letters to Plaintiff threatening litigation[42] and has also recently instituted an action in state court against the Insureds and Plaintiff.[43] Thus, the Court finds that this action is ripe for adjudication and that Defendant Martin's motion for dismissal pursuant to 12(b)(1) must be denied.

### III. 12(b)(6)

Defendant Martin also argues that the Court should dismiss Plaintiff's complaint for failure to state a claim.[44] Defendant Martin states that without the use of the Settlement Letters, Plaintiff cannot prove that the incident occurred.[45] As established above, Plaintiff is permitted to rely upon the Settlement Letters. Furthermore, Plaintiff is not obligated to prove that the incident occurred, only to plead enough facts to plausibly state claim for relief.

---

[38] Doc. 3-4 at 4.
[39] *Id.*
[40] Orix Credit Alliance, Inc v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000) (citing Middle S. Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986)).
[41] *Id.*
[42] Doc. 3-2 at 2 (stating that "upon the filing of our lawsuit . . ." Defendant Martin will attempt to prove bad faith claims against Plaintiff).
[43] *See* Doc. 11-1.
[44] Doc. 3-4.
[45] *Id.*

8

Plaintiff does plead a plausible claim for relief. Plaintiff's allegations regarding the coverage dispute are not conclusory, as they allow the Court to draw a reasonable inference that there is an issue as to the scope of coverage. Plaintiff claims that the policy in question excludes coverage for this incident, and Defendant Martin disputes this assertion.[46] The Complaint plausibly states a claim upon which relief could be granted. Thus, Defendant's motion to dismiss for failure to state a claim must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion (Doc. 3) is **DENIED.**

New Orleans, Louisiana this 12th day of October, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[46] Doc. 1 at ¶18–20.