UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1622** |
| **HINGEL PETROLEUM, LLC ET AL.** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is Defendant Byron Martin's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) or Alternatively, Motion to Stay Pending State Court Action (Doc. 11). For the following reasons, this Motion is **DENIED.**

### BACKGROUND

This case arises out of out of a dispute at the Big E-Z Gas Station owned and operated by Defendants Hingel Petroleum, LLC and Kenilworth Fuel Stop, LLC ("the Insureds"). Big E-Z Gas Station is insured by a policy issued by Plaintiff Associated Industries Insurance Company.[1] Defendant Byron Martin was at the Big E-Z Gas Station on August 27, 2021, and allegedly got into a heated argument and altercation with Craig Fletcher, an employee of the Insureds. Defendant Martin asserts that during this argument Fletcher attacked him and he suffered various injuries, including a head contusion and

---

[1] Plaintiff issued an insurance policy to the Insureds bearing Policy No. AES1055190-02. This policy was in effect at all times relevant to the suit. Doc. 1 at 3.

1

laceration, a traumatic brain injury, post-concussive syndrome, spinal injuries at three disc levels, a rotator cuff tear, and impaired mental health.[2]

After the incident, Defendant Martin sent Plaintiff letters detailing his injuries, recounting his medical bills, and outlining his settlement demands ("Settlement Letters").[3] The Settlement Letters discuss approximately $7,000 in medical expenses that Defendant Martin has incurred and request a settlement of $42,500,000.[4] On June 3, 2022, Plaintiff filed a Complaint for Declaratory Judgment under 28 U.S.C. § 2201 seeking resolution regarding its duties and coverages owed to Defendant Martin under its policy. After this suit was initiated, Defendant Martin filed a petition for damages against Plaintiff and the other Defendants in Louisiana state court on August 25, 2022.

Now before the Court is Defendant Byron Martin's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) or Alternatively, Motion to Stay Pending State Court Action. Plaintiff opposes.

## **LEGAL STANDARD**

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[5] The determination of whether to entertain an action for a declaratory judgment is left to the discretion of the trial court.[6] "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial

---

[2] Doc. 3-1 at 2–3.
[3] Docs. 3-1, 3-2.
[4] Doc. 3-1 at 4.
[5] 28 U.S.C. § 2201(a) (emphasis added).
[6] Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

administration."[7] This discretion is not unfettered.[8] Under applicable Fifth Circuit precedent, "unless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion."[9]

## LEGAL ANALYSIS

Defendant Martin moves this Court to dismiss this action to allow the case to proceed in state court. Alternatively, Defendant Martin requests that this Court abstain from exercising jurisdiction over Plaintiff's action for declaratory judgment. Plaintiff argues that abstention is not warranted and asks this Court to use its discretion to exercise jurisdiction over this matter.

The Fifth Circuit has established a three-step inquiry for determining whether it is appropriate to exercise jurisdiction over a declaratory action.[10] A court must consider: "(1) justiciability . . . (2) authority (i.e., whether issuing a declaration will be tantamount to enjoining an ongoing state-court proceeding, in violation of the Anti-Injunction Act, which triggers "mandatory" abstention); and, if the case survives the first two steps, (3) discretion."[11]

### I. Justiciability

Article III of the U.S. Constitution and the text of the Declaratory Judgment Act forbid federal courts from "issu[ing] a declaratory judgment unless there exists an 'actual controversy.'"[12] "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy

---

[7] *Id.*
[8] St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994).
[9] *Id.* (quoting Travelers Ins. Co. v. Louisiana Farm Bureau Federation, 996 F.2d 774, 778 (5th Cir. 1993)).
[10] Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000).
[11] Bankers Ins. Co. v. Williams, No. CV 20-3417, 2021 WL 1517905, at *2 (E.D. La. Apr. 16, 2021) (citing *Orix Credit Alliance, Inc.,* 212 F.3d at 895).
[12] Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998).

and reality [exists] between parties having adverse legal interests.'"[13] This Court has already held that there is an actual controversy and that this matter is ripe for adjudication.[14] Furthermore, this Court has held that there is subject matter jurisdiction based on diversity of citizenship.[15] The Court finds that this matter is justiciable.

## II.   Authority to Grant Declaratory Judgment

Next, the Court must determine whether it has the authority to grant the declaratory relief sought.[16] The Fifth Circuit has held that "when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti–Injunction Act."[17] Accordingly, a court does not have authority to consider a declaratory action "when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [the Anti-Injunction Act]."[18] The Fifth Circuit has held that "the absence of any of the three factors defeats mandatory abstention, and the district court has broad discretion over whether to grant declaratory relief."[19] The intent of this

---

[13] *Orix Credit Alliance, Inc.,* 212 F.3d at 895 (citing Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986)).
[14] Doc. 13.
[15] *Id.*
[16] *Orix Credit Alliance, Inc.,* 212 F.3d at 895.
[17] Travelers Ins. Co. v. La. Farm Bureau Fed., Inc., 996 F.2d 774, 776 (5th Cir. 1993) (citing Texas Employers' Ins. Ass'n v. Jackson, 862 F.2d 491, 506 (5th Cir. 1988) (en banc)). The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.
[18] Nat'l Cas. Co. v. Tom's Welding, Inc., No. 11-3101, 2012 WL 2064451, at *5 (E.D. La. June 7, 2012) (citing Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 388 n.1 (5th Cir. 2003)).
[19] Sealed v. Sealed, No. 94-30148, 1994 WL 487245, at *2 (5th Cir. 1994) (citing Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991)).

analysis is "to determine whether there are competing state and federal proceedings," and whether issuing a declaratory judgment would offend the principles of federalism and comity.[20]

Defendant Martin does not address whether this Court has the authority to grant the declaratory relief. Plaintiff argues that since Defendant Martin "had not filed a lawsuit in state court at the time [it] filed" this suit, that this alone defeats mandatory abstention.[21] This Court agrees.

Plaintiff's action for declaratory judgment was initiated on June 3, 2022, while Defendant Martin's state court lawsuit was not filed until August 25, 2022. Because Defendant Martin had not yet filed his suit in state court when Plaintiff filed suit in this Court, the first prong is not met, and mandatory abstention does not apply. This Court has the authority to adjudicate the matter.

### III. *Trejo* Factors and Discretion

In *Brillhart v. Excess Insurance Co. of America*, the United States Supreme Court identified several factors to determine if abstention is appropriate under the Declaratory Judgment Act.[22] In *St. Paul Insurance Co. v. Trejo,* the Fifth Circuit distilled these factors into a nonexclusive list:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and, [7)] whether the federal court is being called on to construe a state

---
[20] Nat'l Cas. Co. v. DeQueen, Inc., Nos. 13-5611, 13-5851, 2013 WL 6004055, at * 3 (E.D. La. Nov. 13, 2013).
[21] Doc. 14 at 3.
[22] Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942).

>judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[23]

The Fifth Circuit has noted that the *Trejo* factors may be reduced to three aspects of analysis: federalism, fairness, and efficiency.[24] The Court will discuss each aspect in turn.

### A. Federalism Concerns

The first and seventh *Trejo* factors address issues of federalism and comity. The Court must consider whether there is a pending state court action where all the matters in controversy can be fully litigated and whether the court is being called on to construe a state judicial decree involving the same parties. The Fifth Circuit has noted that "[t]he presence or absence of a pending parallel state proceeding is an important factor . . . . [T]he lack of a pending parallel state proceeding . . . is a factor that weighs strongly against dismissal."[25] "Further, the Court must consider whether there is a competing state court proceeding where the matter before it might be fully litigated"[26]

This action and the state court action arise out of the alleged assault by Fletcher. Here, Plaintiff seeks a declaratory judgment that it has "no liability to Byron Martin," that is has "no duty to defend or indemnify Fletcher, Hingel Petroleum, LLC and/or Kenilworth Fuel Stop, LLC" and that the Policy "does not apply to the claims asserted by Byron Martin."[27] Defendant Martin's suit subsequently filed in state court alleges that Plaintiff, the Insureds, Craig Fletcher and John Doe are "indebted, jointly, severally, and *in solido,* to

---

[23] St. Paul Insurance Co. v. Trejo, 38 F.3d 585, 590–91 (1994).
[24] Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 391 (5th Cir. 2003).
[25] *Id.*
[26] Bridgfield Cas. Ins. Co. v. River Oaks Mgmt., Inc., No. 14-1665, 2015 WL 137248 (E.D. La. Jan. 9, 2015) (citing *Sherwin-Williams Co.,* 343 F.3d at 391).
[27] Doc. 1 at 5–6.

6

Petitioner, for reasonable damages together."[28] Defendant Martin further alleges that Plaintiff "provided insurance coverage" for the named defendants.[29]

After comparing the federal and state court complaints, the Court finds that the state court action could address the questions presented in Plaintiff's declaratory action.[30] Defendant Martin's state court claim raises issues of coverage, as it asserts that Plaintiff provided coverage to the Insureds and is jointly liable for his injuries. Defendant Martin's allegations in the state court complaint call upon the court to decide whether Plaintiff is jointly liable, and whether at the time of the alleged incident Plaintiff owed insurance coverage to the Insureds — the same questions that Plaintiff has presented to this Court by requesting a declaratory judgment seeking clarity on the scope of its obligations to the Insureds. Additionally, the state lawsuit involves all the same parties as Plaintiff's declaratory action, making it possible to facilitate the resolution of the issues raised in both cases.[31] Because the issue of coverage has been raised and could be resolved in the state court lawsuit, the first *Trejo* factor weighs in favor of dismissal or abstention.[32] The seventh *Trejo* factor is not relevant here, as this Court is not being called upon to interpret a state judicial decree.

---

[28] Doc. 11-1 at 2.
[29] *Id.* at 6.
[30] Atain Specialty Ins. v. Bourgeois, No. 15-6803, 2016 WL 154758 (E.D. La. Apr. 14, 2016) (stating that the proceedings addressed the same issues where "both cases call for a court to determine whether: (1) GMDS is covered as a named insured, and (2) if ACE-NO and the City of New Orleans qualify as additional insureds").
[31] Doc. 11-1. Am. Sec. Ins. Co. v. Penwright, 456 F. Supp. 2d 753, 757 (E.D. La. 2006) (stating that a state court could comprehensively resolve all issues where all the parties were included in the state lawsuit).
[32] In *Atain,* a similar issue was presented to the court and the declaratory plaintiff alleged that while all the parties were the same, the scope of coverage was not at issue in the pending state court lawsuit. The court stated that this assertion was, "at best, misleading," in deciding that the questions presented in the state and federal complaints overlapped. *Atain*, 2016 WL 154758, at *4.

*B. Fairness Concerns*

The Court must next consider whether the fairness concerns weigh against exercising jurisdiction in this case. "These concerns include (1) whether the plaintiff's declaratory action is anticipatory in nature, (2) whether the plaintiff has engaged in impermissible forum shopping, and (3) whether the plaintiff is attempting to gain precedence in time or to change forums."[33] "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'"[34] Where an insurance company files suit for declaratory relief in federal court in response to a pending state court case to which it is not a party, this factor weighs against dismissal.[35] "Further, courts are generally not inclined to find that the declaratory plaintiff is forum shopping unless the selection of forum would change the law applicable to the suit."[36]

These factors all weigh against dismissal or abstention, as there is no evidence that Plaintiff filed its suit in this Court impermissibly in anticipation of a lawsuit being filed by Defendant Martin. In fact, Plaintiff filed this suit in June, nearly three months before Defendant Martin filed suit in state court in August. Plaintiff was simply "filing a declaratory judgment action in a federal court with jurisdiction to hear it," which is not improper anticipatory litigation or abusive forum shopping.[37] Additionally, Plaintiff filed its suit in this Court

---

[33] Bridgfield Cas. Ins. Co. v. River Oaks Mgmt., Inc., No. 14-1665, 2015 WL 137248, at *2 (E.D. La. Jan. 9, 2015) (citing *Trejo,* 39 F.3d at 591).
[34] *Sherwin-Williams,* 343 F.3d at 391.
[35] *See* AXA Re Property & Cas. Ins. Co. v. Day, 162 Fed. App'x 316, 320–21 (5th Cir. 2006) (holding that, where an insurance company filed suit in federal court in response to a state court suit against one of its policy holders, the "anticipation of litigation" factor weighs against dismissal when the insurance company is not a party in the state court action).
[36] *River Oaks Mgmt., Inc.*, 2015 WL137248, at *2 (citing *AXA Re Property & Cas. Ins. Co.*, 162 Fed. App'x at 321)
[37] *Sherwin Williams,* 343 F.3d at 391.

under diversity jurisdiction, meaning that the applicable law is the same whether in federal or state court.[38] Plaintiff did not gain an advantage, either temporally or with choice of law, by filing in this forum. These factors, therefore, weigh against dismissal or abstention.

### *C. Judicial Efficiency*

Finally, the Court must consider whether concerns of judicial efficiency weigh in favor of dismissal or abstention. The Court must consider whether the federal court is a convenient forum for parties and witnesses and whether retaining the lawsuit would serve purposes of judicial economy.[39]

Defendant Martin cannot argue that this is an inconvenient forum, as he is domiciled in this state.[40] The Insureds are also Louisiana companies with principal places of business in Louisiana.[41] This factor weighs in favor of maintaining this action.

In terms of judicial economy, this factor weighs against abstention. This Court has already addressed various issues in the case, including a motion to dismiss.[42] As such, the Court is familiar with the facts of the case, and this matter is ripe for resolution.[43] This factor weighs against dismissal or abstention.

While there may be a pending state action where the controversy could be litigated, all other relevant *Trejo* factors weigh against dismissal or

---

[38] *River Oaks Mgmt., Inc.*, 2015 WL137248 (stating that since Louisiana law applied to the policy regardless of whether it was litigated in federal or state court, the court was not inclined to find that the plaintiff was forum shopping).
[39] *Trejo*, 39 F.3d at 591.
[40] Doc. 1 at 2. *River Oaks Mgmt., Inc.*, 2015 WL137248 (stating that since the parties were domiciled in this district, they could not argue that the forum was inconvenient).
[41] *Id.*
[42] Doc. 11.
[43] Federal Ins. Co. v. Sw. Materials, Inc., No. 2-1878, 2003 WL 21634945, *3 (E.D. La. 2003) (stating that failing to exercise jurisdiction over the declaratory action would result in the insurer having to start over in state court to determine the scope of coverage and its duty to defend the insured, and thus, this factor weighed against abstention).

abstention. The fairness and judicial efficiency concerns all weigh heavily in favor of the Court exercising jurisdiction, as Plaintiff is not impermissibly forum shopping and this Court has already ruled on a substantive motion in this matter. Thus, this matter is justiciable, this Court has authority, and it shall use its discretion to exercise jurisdiction over this action for declaratory judgment.

## **CONCLUSION**

In examining the relevant factors, the Court has determined that overall, they weigh in favor of allowing this declaratory action to proceed. Therefore, the Motion to Dismiss or Alternatively, Motion to Stay (Doc. 11) is **DENIED.**

New Orleans, Louisiana this 15th day of December, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**