UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1622** |
| **HINGEL PETROLEUM, L.L.C. ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 37). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Associated Industries Insurance Company ("Associated") filed this Complaint for Declaratory Judgment under 28 U.S.C. § 2201 seeking resolution regarding its duties and coverages owed to Defendants Hingel Petroleum, LLC and Kenilworth Fuel Stop, LLC ("the Insureds") for damages sustained by Defendant Byron Martin ("Martin") at the Big E-Z Gas Station ("Big E-Z") on August 27, 2021. The Insureds are the owners and operators of Big E-Z. At all times relevant to this Action, the Insureds had a policy of general commercial liability insurance, bearing Policy No. AES105190-02, issued by Plaintiff ("the Policy").

This coverage dispute arises from an altercation that took place at Big E-Z. According to the allegations found in Defendant Martin's state court petition, he visited the Big E-Z Gas Station to purchase gas before Hurricane

1

Ida. He entered the station, prepaid for gas, and then attempted to fill his car. Because of the hurricane-related shortage, the pumps were empty. Martin returned to the store, reported this problem to the cashier, Kizzona Ross, and requested a refund. Ross denied the refund and instructed him to try the pump again. This back and forth took place several times. On his final attempt to enter the store, Martin was confronted by Craig Fletcher,[1] an employee of Big E-Z, who "pulled a hand gun and pointed it directly at Martin. . . . Fletcher then kicked Martin in the chest, causing Martin to fly out of the front door of the gas station. Martin hit (sic) head on the ground causing massive head bleeding. Fletcher then jumped on top of Martin and pistol-whipped Martin. While pistol-whipping Martin, Fletcher's gun discharged, striking an occupied customer's car, parked at the gas pump."[2]

As a result of this altercation, Martin asserts that he suffered various injuries, including a head contusion and laceration, a traumatic brain injury, post-concussive syndrome, spinal injuries at three disc levels, a rotator cuff tear, and impaired mental health.[3] In his state court petition, Martin asserts various negligence, defamation, and Louisiana Unfair Trade Practices Act ("LUTPA") claims against the Insureds, Craig Fletcher, and Kizzona Ross. Now before the Court is Plaintiff's Motion for Summary Judgment, seeking a determination that Associated does not provide insurance coverage to the Insureds for injuries allegedly sustained by Martin.[4] Defendants oppose.[5]

---

[1] On May 23, 2023, this Court granted Plaintiff's *Ex Parte* Motion to Dismiss Party Craig Fletcher. Doc. 34.
[2] Doc. 37-4 at 3.
[3] Doc. 3-1 at 2–3.
[4] Doc. 37-2 at 1.
[5] Docs. 48, 49. Defendants Martin and the Insureds filed separate opposition memorandums, each raising different arguments as to why summary judgment is not appropriate.

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[7] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[9] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[10] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[11]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[12] The Court

---

[6] FED. R. CIV. P. 56.
[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[8] *Id.* at 248.
[9] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[10] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[11] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[12] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

3

does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[13] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[14]

## LAW AND ANALYSIS

"A claim for declaratory judgment is appropriate for summary judgment when it presents questions of law for the court."[15] "Contract interpretation, including the question of whether a contract is ambiguous, is a question of law."[16] Accordingly, whether the Policy provides coverage to the Insureds for Martin's alleged injuries is a question of law appropriate for summary judgment. Because Plaintiff seeks a determination that it has no duty to indemnify or defend the Insureds, the Court addresses each duty in turn.[17]

### 1. *Duty to Indemnify*

"The duty to indemnify is the insurer's 'obligation to provide coverage for damage claims.'"[18] Under Louisiana law, "[a]lthough the insured bears the burden of proving a policy of insurance affords coverage for an incident, the

---

[13] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[14] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[15] AEP Tex. N. Co. v. Hudson, 389 F. Supp. 2d 759, 765 (W.D. Tex. 2005) (citing Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc., 390 F.3d 336, 339 (5th Cir. 2004)).
[16] *Millennium Petrochemicals, Inc.*, 390 F.3d at 339 (citing Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc., 664 F.3d 423, 428 (5th Cir. 2003)). However, if a contract is ambiguous, "'a fact issue remains regarding the parties' intent,'" which precludes granting summary judgment. *Id.* (quoting *Instone*, 334 F.3d at 431).
[17] "An insurer's obligation to defend is distinct from an insurer's obligation to indemnify—'an insurer's duty to defend is much broader in scope than the insurer's duty to provide coverage.'" Savoie v. Calcasieu Par. Ward Four Fire Dist. No. 2, 200 So. 3d 407, 415 (La. Ct. App. 3d Cir. 2016) (quoting Elliott v. Continental Cas. Co., 949 So. 2d 1247, 1250 (La. 2007)).
[18] Lewis v. State Nat'l Ins. Co., Inc., 368 So. 3d 653, 667 (quoting Arceneaux v. Amstar Corp., 200 So. 3d 277, 281 (La. 2016)).

4

insurer bears the burden of proving the applicability of an exclusionary clause within a policy."[19] "Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded."[20]

A determination on the extent of coverage is "decided from the four corners of the policy."[21] Here, the Policy covers certain (1) bodily injury and property damage liability,[22] (2) personal and advertising injury liability,[23] and (3) medical payments.[24] In his amended state court petition, Martin asserts various negligence, defamation, and LUTPA claims against Kizzona Ross, Craig Fletcher, and the Insureds. Martin further asserts that Plaintiff provides liability insurance coverage for these claims. The Court therefore considers whether Plaintiff has a duty to indemnify each claim asserted by Martin.

---

[19] Jones v. Estate of Santiago, 870 So. 2d 1002, 1010 (La. 2004) (citing Doerr v. Mobil Oil Corp., 774 So. 2d 119, 127 (La. 2000)).

[20] *Id.* (citing Reynolds v. Select Props., Ltd., 634 So. 2d 1180, 1183 (La. 1994)).

[21] Kazan v. Red Lion Hotels Corp., 346 So. 3d 267, 270–71 (citing Baack v. McIntosh, 333 So. 3d 1206, 1211 (La. 2007)).

[22] The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Doc. 37-5 at 49. The Policy defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property," or "[l]oss of use of tangible property that is not physically injured." *Id.* at 51. To be covered under the Policy, the bodily injury or property damage must (1) arise from an "occurrence" in "coverage territory," and (2) occur during the policy period, among other requirements. *Id.* at 38.

[23] The Policy defines "personal and advertising injury liability" as "injury, including consequential 'bodily injury' arising out of one or more of the following offenses:" (a) false arrest, detention, or imprisonment; (b) malicious prosecution; (c) wrongful eviction from, entry into, or invasion of the right of private occupancy of a room or dwelling; (d) oral or written publication of material that slanders or libels a person or organization or disparages their goods, products, or services; (e) oral or written publication of material violating a person's right of privacy; (f) use of another's advertising idea; or (g) infringing upon another's copyright, trade dress, or slogan. *Id.* at 51.

[24] The Policy provides coverage for payment of medical expenses for "bodily injury" caused by certain listed accidents.

5

### *a. Martin's LUTPA claim*

Martin brings a claim under the LUTPA for the Insureds' failure to refund the money he prepaid for gas, which was not received. Plaintiff alleges that any liability from Defendant's LUTPA claims is not covered because it is not a qualifying injury under the Policy. In briefing, Defendants fail to respond to this argument. Even so, the Court must not grant Plaintiff's Motion without considering its merits.[25]

The LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[26] To succeed on a LUTPA claim, a plaintiff must suffer an "ascertainable loss" and "prove some element of fraud, misrepresentation, deception, or other unethical conduct."[27] The Commercial General Liability Coverage Form, however, provides that the Policy only covers bodily injuries and property damage "caused by an 'occurrence,'" which is defined by the Policy as "an accident." This requirement is inconsistent with the LUTPA's requirement that a defendant act "with the specified purpose of harming the competition."[28] Thus, the Court finds that injuries from Martin's LUTPA claim are not covered under the Policy, and Plaintiff has no duty to indemnify for this claim.

### *b. Martin's negligence and defamation claims*

In his state court petition, Martin asserts various negligence claims against the Insureds and its employees Kizzona Ross and Craig Fletcher. Martin argues that Ross was negligent in, among other acts, failing to inform

---

[25] *See* Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing John v. La. (Bd. of Trs. for State Colls. & Univs.), 757 F.2d 698, 709 (5th Cir. 1985)).
[26] LA. REV. STAT. § 51:1405(A).
[27] *Id.* § 51:1409(A); IberiaBank v. Broussard, 907 F.3d 826, 839 (5th Cir. 2018) (citing Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., 292 F.3d 471, 480 (5th Cir. 2002); Omnitech Int'l, Inc. v. Clorox Co., 11 F.3d 1316, 1332 (5th Cir. 1994)).
[28] *IberiaBank*, 907 F.3d at 840–41.

6

Fletcher that Martin was a customer and not a threat to the store.[29] Martin also brings a claim of defamation against the Insureds, Ross, and Fletcher for intentionally and maliciously "report[ing] a false version of events to law enforcement."[30] The parties do not dispute that Martin's negligence and defamation claims are covered bodily injuries and personal and advertising injuries, absent any applicable exclusion.[31] Rather, the parties disagree as to whether the Assault and Battery Exclusion applies to Martin's negligence and defamation clams.

The Assault and Battery Exclusion provides:

Notwithstanding any other provision of this policy, this insurance does not apply to:

**Assault and Battery**

Any claim or "suit" for "bodily injury," "property damage," or "personal and advertising injury" *arising out of*, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever . . . .

We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.[32]

---

[29] Doc. 49-4 at 8.

[30] *Id.* at 10.

[31] The injuries alleged in Martin's state court petition include injuries "to his body, including, but not limited to, his neck, shoulder, head, brain and back, as well as mental, emotional and psychological injuries." Doc. 49-4 at 9. These injuries "to his body" qualify as "bodily injury" as defined by the Policy. Plaintiff also asserts a claim of defamation in his state court petition. Doc. 49-3 at 7. Liability for Martin's defamation claim would qualify as a "personal and advertising injury" under the Policy, as it is an alleged oral or written publication of material that slanders or libels a person.

[32] Doc. 37-5 at 156 (emphasis added). This endorsement for assault and battery is an exclusion applicable to (1) bodily injury and property damage liability, and (2) personal and advertising injury liability. *Id.*

7

Assault and battery exclusions, such as the Exclusion in the Policy, are routinely enforced by Louisiana courts.[33] Because corporate general liability policies are generally not intended to cover injuries arising from intentional acts, the Assault and Battery Exclusion is to be enforced as written, unless it is found to be ambiguous.[34]

Thus, as a preliminary matter, the Court addresses Defendant's argument that the Assault and Battery Exclusion is ambiguous because it conflicts with the "general exclusion" or Expected or Intended Injury Exclusion found in the Policy. Plaintiff responds that these exclusions do not conflict; rather, one serves as a general exclusion for intentional acts, while the other serves as a specific exclusion for assaults or fights.

The Court finds that the exclusions do not conflict. The Expected or Intended Injury Exclusion cited by the Insureds excludes coverage for subjectively expected or intended injuries, not those injuries that the insured unintentionally caused.[35] Comparatively, the Assault and Battery Exclusion encompasses a broader scope of liability for injuries an insured may not have subjectively intended to produce but were "substantially certain" to result from a deliberate act.[36] These clauses exclude potentially overlapping conduct, but this does not render them conflicting.[37] Further, even if this Court found that

---

[33] Womack v. Mar Jay Prods., L.L.C., 298 So. 3d 745, 752 (La. Ct. App. 1st Cir. 2020) (citing Hickey v. Centenary Oyster House, 719 So. 2d 421, 423; *Ledbetter*, 665 So. 2d at 1169–70; Guste v. Lirette, 251 So. 3d 1126, 1133 (La. Ct. App. 1st Cir. 2018)).

[34] *Id.* (citing *Hickey*, 719 So. 2d at 423).

[35] Doc. 37-5 at 39. *See also Love*, 119 So. 3d at 739 ("An intentional injury clause by its language does not exclude coverage for bodily injury caused by an insured's intentional act. The exclusion precludes coverage for bodily injury "expected or intended" by the insured. Thus, the excluded injury would be the injury the insured intended, not the injury which the insured unintentionally caused, however intentional the act which produced the injury." (internal citations omitted)).

[36] Breland v. Schilling, 550 So. 2d 609, 611 (La. 1989).

[37] The Insureds argue that "Louisiana courts have found insurance policies to be ambiguous when they declare in one clause that a particular coverage exists, while declaring in

the exclusions irreconcilably conflicted, the endorsement for assault and battery would prevail over the main body of the policy.[38]

Having found that the Assault and Battery Exclusion is unambiguous and does not conflict with other policy provisions, the Court next considers whether the Exclusion is applicable to Martin's negligence and defamation claims. Because the terms "assault," "battery," "fight," "altercation," "misconduct," or "act of violence" are not defined in the policy endorsement, the Court must ascertain the parties' intent to determine the extent of coverage.[39] "Such intent is to be determined in accordance with the general, ordinary, plain, and popular meaning of the words used in the policy, unless the words have acquired a technical meaning."[40]

"In the civil context in which the insurance contract was made, the common meanings of 'assault' and 'battery' subsume all forms of tortious menacing and unwanted touching."[41] As Plaintiff notes, Martin plainly alleges in his state court petition that Fletcher kicked, jumped onto, and pistol-whipped him.[42] Moreover, Louisiana circuit courts have routinely enforced

---

another that such coverage is excluded." Doc. 48 at 3. However, the Policy excludes potentially overlapping conduct—it does not declare coverage for and then exclude the same conduct. Therefore, the cases cited by the Insureds are distinguishable from the facts before this Court.

[38] *See* Zurich Ins. Co. v. Bouler, 198 So. 2d 129, 131 (La. Ct. App. 1st Cir. 1967) (citing Loubat v. Audubon Life Ins. Co., 170 So. 2d 745 (La. Ct. App. 1st Cir. 1964)).

[39] Ledbetter v. Concord Gen. Corp., 665 So. 2d 1166, 1169 (La. 1996).

[40] *Id.* (citing LA. CIV. CODE art. 2047; La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 630 So. 2d 759, 763 (La. 1994)).

[41] *Ledbetter*, 665 So. 2d at 1170 (quoting United Nat'l Ins. Co., v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993)).

[42] While Defendant Martin disputes the material fact that Fletcher "assaulted him," he points to no facts in the record that create a material issue of fact as to whether Fletcher assaulted him. Because the "mere argued existence of a factual dispute will not defeat an otherwise properly supported motion," Martin's argument fails. *Boudreaux*, 366 F. Supp. 2d at 430. *Compare* Doc. 49-1 at 1 (disputing whether Craig Fletcher assaulted him, whether Fletcher's actions were intentional or negligent, and whether Fletcher caused any injury to Martin, among other facts), *with* Doc. 49-4 at 6, 9 (alleging that "[a]s a result of the

similar exclusions,[43] and Defendants refer to the altercation as an "assault" throughout their filings with this Court.[44] Thus, this Court finds that the act of kicking, jumping onto, and pistol-whipping an individual is an unwanted touching that falls within the Policy's Assault and Battery Exclusion. Accordingly, Martin's negligence and defamation claims arising out of the altercation are excluded from coverage under the Policy.[45]

The Insureds argue that Fletcher's intent and whether he was acting in "self-defense" remain material issues of fact for the jury to decide.[46] However, the "mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[47] Although the evidence in the present case does

---

subject assault, [Martin] sustained injuries to his body;" "Fletcher mistakenly assumed Martin was a threat to the business when Fletcher assaulted Martin;" and "during the subject assault, Martin was non-aggressive").

[43] *See, e.g.*, Alvarado v. Doe, 613 So. 2d 166 (La. Ct. App. 4th Cir. 1992), *writ denied*, 614 So. 2d 64 (La. 1993); Wallace v. Huber, 597 So. 2d 1247 (La. Ct. App. 3d Cir. 1992) (upholding applicability of an assault and battery exclusion where the victim had a drink thrown in his face and was "attacked"); Williamson v. Kovac, 591 So. 2d 788 (La. Ct. App. 5th Cir. 1991) (finding an assault and battery exclusion unambiguous as applied to a stabbing); *Ledbetter*, 665 So. 2d 1166 (holding that an assault and battery exclusion is unambiguous as applied to the victim's rape but ambiguous as applied to the kidnapping); *Womack*, 298 So. 3d 745; *Hickey*, 719 So. 2d at 423; *Guste*, 251 So. 3d at 1133.

[44] *See, e.g.*, Doc. 49-4 at 6 ("Fletcher *assaulted* Martin. . . . At all times during the subject *assault*, Martin was non-aggressive and an authorized paying customer of the gas station.") (emphases added).

[45] Martin's state court petition asserts a claim for defamation, arising from "statements concerning [Martin] when [the Defendants] reported a false version of events to law enforcement." Doc. 49-4 at 10.

[46] Where a policy does not define "assault" or "battery" for purposes of the exclusion, Louisiana circuit courts have generally adopted the civil tort definition of those terms, which require a showing of intent. "Intent, in this context, has been held to mean that the actor either consciously desires the physical result of his act or knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result. . . . It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent." Bennett v. Ragon, 907 So. 2d 116, 121 (La. Ct. App. 1st Cir. 2005). *See also Alvarado*, 613 So. 2d at 167 (quoting Caudle v. Betts, 512 So. 2d 389, 391 (La. 1987) ("However, an assault and battery requires the element of intent. A battery is a 'harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact.'").

[47] *Boudreaux*, 366 F. Supp. 2d at 430.

10

not include the deposition of Craig Fletcher, it is alleged that he kicked, jumped on top of, and pistol-whipped Martin.[48] It is clear that Fletcher intended to commit an assault against Martin, even if he was acting in self-defense or did not intend the extent of injuries caused.[49] Because Plaintiff has carried its burden in showing that the Assault and Battery Exclusion applies to the altercation between Martin and Fletcher, the Insureds' bald arguments as to intent and self-defense fail.

In their Memorandum in Opposition, the Insureds argue that the Assault and Battery Exclusion also requires a showing of "cause," which remains an issue of material fact for trial.[50] As Plaintiff notes, however, the Exclusion applies to any assault or battery regardless of the cause.[51] Therefore, the cause of the altercation is not a fact material to coverage under the Policy and does not preclude application of the Assault and Battery Exclusion to Martin's claims.

Lastly, Martin argues that the Motion for Summary Judgment should be denied because Plaintiff has failed to meet its burden in proving that it is entitled to judgment as a matter of law as to the negligence of employees Kizzona Ross and Craig Fletcher.[52] While Martin's claims may be couched as claims of negligence, he is ultimately seeking redress for injuries resulting

---

[48] *See* Doc. 37-4 at 3; *Womack*, 298 So. 3d at 753.
[49] *See Womack*, 298 So. 3d at 753.
[50] Doc. 49. Hingel also argues that there is a factual dispute as to Fletcher's intent. However, in making this argument, Hingel refers to the "general exclusion" for intentional injuries, which Plaintiff does not cite in its Motion for Summary Judgment. Therefore, the "intent" required for the "general exclusion" is not disputed in this Motion for Summary Judgment.
[51] Doc. 37-5 at 156 (excluding coverage for liability arising out of "any assault, battery fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or *any cause whatsoever*") (emphasis added).
[52] Doc. 48. *See also* Doc. 37-4 at 5–6.

from an assault and battery.[53] Further, the Assault and Battery Exclusion expressly excludes coverage for "negligence in failing to protect customers, patrons or guests."[54] Because "[t]he bedrock of [Martin's] action stems from the alleged assault and battery,"[55] this Court finds that the Assault and Battery Exclusion unambiguously applies to Martin's claims, and the Policy does not cover Martin's injuries from this altercation, even if they in part arise from the alleged negligence.

### 2. *Duty to Defend*

Under the eight-corners rule, "an insurer must look to the four corners of the petition and the four corners of the policy to determine whether it has a duty to defend."[56] "[T]he insurer [is] obligated to furnish a defense unless the petition unambiguously excludes coverage."[57] Therefore, Plaintiff has a duty to defend the Insureds if there is "even a possibility of liability under the policy."[58] "Only 'if a petition does not allege facts within the scope of coverage' is 'an insurer . . . not legally required to defend a suit against its insured.'"[59] The

---

[53] *Wallace*, 597 So. 2d at 1249 ("As we read plaintiff's second contention, coverage should be afforded under the [insurance] policy simply because the claim against its insured . . . is based on an employee's negligence as alleged in her petition. Identical to the circumstances in *Taylor v. Duplechain*, 469 So. 2d 472 (La. Ct. App. 3d Cir. 1985), *writ denied*, 474 So. 2d 1306 (La. 1985), we dismissed this same argument since, in the final analysis, plaintiff's claim mis for injuries received during an alleged physical attack.").

[54] Doc. 37-5 at 156.

[55] *Wallace*, 597 So. 2d at 1249.

[56] Brilliant Nat'l Servs., Inc. v. Travelers Indem. Co., 349 So. 3d 581, 590 (La. Ct. App. 1st Cir. 2022) (citing Am. Home Assurance Co. v. Czarniecki, 230 So. 2d 253, 259 (La. 1969); Vaughn v. Franklin, 785 So. 2d 79, 84 (La. Ct. App. 1st Cir. 2001)). *See also* Lewis v. State Nat'l Ins. Co., Inc., 368 So. 3d 653, 666 (La. Ct. App. 4th Cir. 2023).

[57] Steptore v. Masco Constr. Co., Inc., 643 So. 2d 1213, 1218 (La. 1994) (citing Meloy v. Conoco, Inc., 504 So. 2d 833, 838 (La. 1987); Am. Home Assurance Co. v. Czarniecki, 230 So. 2d 253 (1969); Leon Lowe & Sons, Inc. v. Great Am. Surplus Lines Ins. Co., 572 So. 2d 203 (La. Ct. App. 1st Cir. 1990); Benoit v. Fuselier, 195 So. 2d 679 (La. Ct. App. 3d Cir. 1967)).

[58] *Meloy*, 504 So. 2d at 838.

[59] *Lewis*, 368 So. 3d at 666 (citing Choice Found. V. Law Indus., LLC, 336 So. 3d 501, 505 (La. Ct. App. 4th Cir. 2022)) (alterations omitted).

Court must now consider the language of the Policy and Martin's petition to determine if Plaintiff owes the Insureds a duty to defend.

Here, the Policy's Assault and Battery Exclusion expressly provides that Plaintiff "shall have no obligation to defend [the Insureds] for any such loss, claim or suit [arising out of any assault, battery, fight, altercation, misconduct or similar incident or act of violence]."[60] As discussed *supra*, even accepting all of Martin's allegations as true, his claims clearly arise out of an assault or battery and are therefore not "within the scope of coverage" under the Policy's Assault and Battery Exclusion.[61] Additionally, this Court found *supra* that Martin's LUTPA claims are inconsistent with the Policy's requirement that covered claims arise out of "an accident," thereby unambiguously excluding coverage. This Court therefore finds that Plaintiff has no duty to defend the Insureds for Martin's state court claims under the eight-corners rule.[62]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 37) is **GRANTED**.

New Orleans, Louisiana this 12th day of January, 2024.

---

[60] Doc. 37-5 at 156.
[61] *See Choice Found.*, 336 So. 3d at 505 (quoting Spencer v. Chevron Corp., 202 So. 3d 1055, 1059 (La. Ct. App. 4th Cir. 2016)) ("If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." (alterations and internal quotation marks omitted)).
[62] *See Lewis*, 368 So. 3d at 666–67 (quoting Hoffpauir v. Cajundome Comm'n, 318 So. 3d 334, 339 (La. Ct. App. 3d Cir. 2021)).

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**